**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUDITH A. BONAWITZ, | : | CIVIL ACTION NO. **3:CV-14-0783** |
| Plaintiff | : | (Judge Mannion) |
| v. | : | (Magistrate Judge Blewitt) |
| DANICA FOSKO, *et al.*, | : | |
| Defendants | : | |

FILED SCRANTON APR 30 2014 PER ___ DEPUTY CLERK

**MEMORANDUM AND ORDER**

On April 23, 2014, Plaintiff Judith A. Bonawitz, a resident of Lewisburg, Pennsylvania, filed, *pro se*, another action with this Court.[1] (Doc. 1). Plaintiff titled her Complaint as "Assessment of Errors and "Emerger (sic) Injunction." Plaintiff's typed, single spaced Complaint is a voluminous document consisting of sixty-eight (68) pages. Plaintiff has also submitted hundreds of pages of Exhibits with her Complaint. (Docs. 1- to 1-15). Plaintiff paid the filing

---

[1]On September 28, 2012, Plaintiff, Judith A. Bonawitiz, filed, *pro se*, an action against Defendants Luzerne County Children & Youth Services ("CYS") and Luzerne County Clerk's Office. Plaintiff styled her action as a "Complaint for Injunctive Relief" under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552. (Doc. 1). *See Bonawitz v. Luzerne County Children & Youth Services*, Civil No. 12-1947, M.D. Pa. In her prior case, Plaintiff sought this federal court to order Defendants to produce CYS's complete records and its entire files pertaining to its removal of Plaintiff's four minor children from her home due to alleged abuse and, she sought documents pertaining to the placement of her children in foster care. Plaintiff averred that she attempted to get the records from Defendant CYS but to no avail. Plaintiff contended that she required said records before the Luzerne County Court conducted a hearing and made a final decision as to whether she would permanently lose her parental rights to her minor children. Plaintiff's prior case, *Bonawitz v. Luzerne County Children & Youth Services*, Civil No. 12-1947, was closed on March 7, 2013, after the parties filed a Stipulation of Dismissal.

fee.[2]

Plaintiff is seeking an emergency injunction from this federal Court regarding alleged unlawful conduct taken by Luzerne County Children & Youth Services ("CYS") and its employees with respect to her custody and her parental rights of her children while they were minors. Plaintiff states that two of her children are now adults and are being threatened by CYS caseworkers "with going to Juvenile Jail (Amendment IX) if they don't agree with the workers and say what they were told to say." Plaintiff states that one of her children "was placed in handcuffs for not agreeing with caseworkers while still a minor and while in their custody." Plaintiff states that employees of CYS allowed her children to have too many Guardian Ad Litems, and too many caseworkers and supervisors. Plaintiff claims that employees of CYS interviewed her children without parental consent, deprived her children legal counsel during interviews before they were removed from her custody, failed to obtain a search warrant, brought up allegations found to be false in Luzerne County Court hearings regarding her parental rights in violation of "double jeopardy," used false incidents to accuse her at a hearing to determine if she would lose her parental rights to her minor children, detained her children under false information and, threatened her children to make them admit to falsehoods. Plaintiff claims that employees of CYS committed many errors with respect to making their decisions as to whether she would lose her parental rights to her minor children and with respect to the treatment of her children after they were taken from her. Further, Plaintiff claims

[2]The undersigned has been assigned this case for all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

that the Luzerne County Court Judges and Hearing Masters committed errors with respect to making their decisions as to whether she would lose custody and her parental rights to her minor children. Plaintiff states that she has attached to her Complaint an "Assignment of Errors" regarding the conduct of the employees of CYS and their attorneys, "showing discrimination of Religious Beliefs" as well as violations of their positions of trust.

Plaintiff states that the alleged conduct by employees of CYS toward her children constituted state and federal crimes, including intimidation of a witness, perjury and false arrest. Plaintiff indicates that she filed her instant action in federal Court, in part, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §1346, for violations of her constitutional rights and her children's constitutional rights. Plaintiff also indicates that her case is filed under 18 U.S.C. §241, *et seq.* Plaintiff asks this Court to appoint a federal prosecutor and to order a federal criminal investigation with respect to the alleged unlawful treatment of her children when they were in the custody of the CYS.[3]

---

[3]We note that to the extent that Plaintiff is asking this Court to file federal criminal charges and initiate criminal prosecution against Defendants, this Court cannot grant as relief in the present case the initiation of federal criminal prosecution. The Third Circuit has held that a private person could not impose criminal liability on a defendant because he lacked standing to do so. *See Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential). This Court has no authority to grant Plaintiff relief with respect to alleged criminal conduct in this action. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd. in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2. Thus, insofar as Plaintiff is seeking this Court to arrest, prosecute and punish Defendants for their alleged unconstitutional and criminal behavior, this request is subject to dismissal with prejudice. *See Ross v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012).

Further, Plaintiff indicates that her Complaint was filed, in part, under 18 U.S.C. §§241, *et seq.* "Neither 18 U.S.C. §241 nor 18 U.S.C. §242 create a civil cause of action. *Padgett v. Bradford County Dist. Attorney's Office*, 2011 WL 1832993, *4 (M.D. Pa. April 13, 2011)(citing

Plaintiff basically is seeking this federal Court to revisit the decisions made by employees of CYS regarding their removal of her children from her custody and the decisions made by over five (5) Judges of the Luzerne County Court regarding court proceedings to determine if she would lose her parental rights to her minor children. Plaintiff indicates that the decisions of the Judges of the Luzerne County Court as well as the decisions of the Hearing Maters to deprive her of her parental rights were erroneous, improper, based on false evidence, and are largely void. In fact, Plaintiff states that she seeks this federal Court to review all of the evidence and to hear from all of the witnesses involved in the Luzerne County Court proceedings in which it was determined that she would lose her parental rights to her minor children.[4] It appears that the Luzerne County Court Judges found that Plaintiff should permanently lose her parental rights over her children.

As relief, Plaintiff requests that this federal Court hold an "arbitration hearing" so that an agreement can be reached between herself, her children, the Judge of the Luzerne County Court, and the attorney for CYS. If no agreement can be reached, Plaintiff seeks this Court to hold a full hearing on the merits of her county custody case and to determine if her parental rights should be given back to her. Plaintiff also basically requests this federal Court to overturn the decisions of the Judges of the Luzerne County Court and to issue an order "to have all [of

---

*Carpenter v. Ashby*, 351 Fed.Appx. 684, 688 (3d Cir. 2009)), adopted by 2011 WL 1812191(M.D. Pa. May 12, 2011). Thus, we find that Plaintiff's claims under 18 U.S.C. §§241, *et seq.*, are subject to dismissal with prejudice.

[4]Due to the lengthy Complaint Plaintiff filed and the difficulty in comprehending her allegations, we only summarize portions of the first few pages of the pleading.

her] parental rights given back, 100% physical and sole custody of her children" "within a 24 hour period."

Also, as stated, Plaintiff styles her action as an Emergency Injunction in which she appears to seek this federal Court to enjoin the decisions made by the Luzerne County Court regarding court proceedings to determine if she would lose her parental rights to her minor children and, to order that she be granted "sole custody of her children" "within a 24 hour period." We find that this federal Court is prohibited by the Anti-Injunction Act from granting the relief Plaintiff requests in her Complaint insofar as she seeks an injunction regarding the decisions made by the Luzerne County Court to terminate her parental rights. Specifically, we find that to the extent Plaintiff is requesting an injunction preventing Defendants, employees of CYS, from involvement in her parental right case and is seeking this federal Court to enjoin decisions made by the Luzerne County Court these requests are barred pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283. *See In re Madera*, 2008 WL 447497, *5 (E.D. Pa. 2-7-08); *Becker v. Evans*, 496 F. Supp. 20, 21 (M.D. Pa. 1980) ("State court proceedings to enforce a state court judgment have been found not to come within any of [the three exceptions of the Anti-Injunction Act], and therefore the district court lacks jurisdiction to issue the injunction [to stay the writ of execution on a state court judgment]."); *Clark v. U.S. Bank National Assoc.*, 2004 WL 1380166, *3 (E.D. Pa.) ("The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, ... , absent the application of an exception under the statute.") (citations omitted); *see also Conklin* v. *Anthou,* Civil No. 10-2501, M.D. Pa.; *Miller v. York County*, Civil No. 11-1451, M.D. Pa.; *Smith v. Litton Loan Servicing, LP*, 2005 WL 289927, *8

(E.D. Pa. Feb. 4, 2005).

In her Complaint, Plaintiff names as Defendants several employees of CYS, seemingly in excess of fifteen (15). Plaintiff does not know the full names of some of her Defendants. To date, the Clerk of Court has not issued the Summons. Since it is apparent on the face of Plaintiff's Complaint that it is not a proper pleading and that jurisdiction of this Court may be lacking over Plaintiff's claims, we issue this Order directing Plaintiff to file an Amended Complaint.[5] *See Ruddy v. Mastercard*, Civil No. 12-2376, M.D. Pa.

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. See *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002)(citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F. 3d 250, 255 (3d Cir. 2002)); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2004)("Federal courts are 'ob ligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'").

---

[5]It also appears from the face of the Complaint that Plaintiff is largely raising constitutional claims which essentially challenge the decisions of the Luzerne County Court and its Judges and Hearing Masters in which they deprived her of her parental rights over her children and removed her children from her custody. We find that these claims are entirely barred under the *Rooker-Feldman* doctrine. *See Goodson v. Maggi*, 2011 WL 2533286, * 7 (W.D. Pa. 6-23-11)(citations omitted). We find that this Court lacks subject matter jurisdiction over Plaintiff's stated constitutional claims under the *Rooker-Feldman* doctrine. *See Wager v. York County Domestic Relations*, 2010 WL 231129 (M.D. Pa. 1-14-10); *Bonham v. Givens*, 197 Fed.Appx. 148, 150 (3d Cir. 2006)(citing *Exxon Mobil*, 544 U.S. at 284); *McKnight v. Baker*, 244 Fed. Appx. 442 (3d Cir. 2007). *See also Van Tassel v. Lawrence County Domestic Relations Sections*, 390 Fed. Appx. 201 (3d Cir. 2010); *Gaynor v. Nelowet*, 2000 WL 427274, *1 (E.D. Pa. 4-19-00); *Rose v. Adams County*, Civil No. 14-0420, M.D.Pa.

Furthermore, federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331. However, "federal courts have federal question jurisdiction only when a federal claim appears in the complaint." *Turner v. Spaley*, WL 4842256, (3d. Cir 2012)(citing *Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005)); *see also Gonzalez v. Thaler*, U.S., 132 S.Ct. 641, 648 181 L.Ed.2d 619 (2012)("Subject-matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation[.]") Additionally, "a district court has a continuing obligation to satisfy itself of its jurisdiction and authority to hear and determine every matter." *Id.*

We find that Plaintiff's 68-page Complaint does not meet the pleading requirements under the Federal Rules of Civil Procedure. Thus, we will issue an Order directing Plaintiff to file an Amended Complaint.

As stated above, Plaintiff's original Complaint does not properly state a cognizable claim against any Defendant. Moreover, the dates of Plaintiff's numerous claims are not clear and there are insufficient allegations as to the personal conduct of each named Defendant which amounted to constitutional violations.

We will issue this Order directing Plaintiff to file an Amended Complaint because Plaintiff has failed to sufficiently allege personal involvement of any of the named Defendant and because her original Complaint is in clear violation of Federal Rule of Civil Procedure 8(a) and the standards required to state a claim under 42 U.S.C. § 1983. (Doc. 1).

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and, (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case, and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.; Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

The Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2009), repeated the personal involvement necessary in a § 1983 action. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court cited *Iqbal*:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
>
> "Innis's allegation against Wilson also fails because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

*See Sims v. Piazza*, 2009 WL 3147800, *5 (M.D. Pa.)("Legal conclusions without factual support are not entitled to the assumption of truth.")(citation omitted).

In light of the aforementioned requirements of both § 1983 and *Iqbal*, we find that Plaintiff's Complaint is completely lacking in sufficient allegations as to all Defendants and what

these Defendants personally did to violate any of Plaintiff's constitutional rights.

It is clear from reading Plaintiff's original Complaint that she does not properly allege how each Defendant was personally involved in any of Plaintiff's constitutional violation claims. Nor is it clear what constitutional rights Plaintiff is alleging were violated by which Defendants, what the conduct of each Defendant was that lead to the constitutional violation, and the dates of the violations. Further, Plaintiff has failed to set forth his Complaint in numbered paragraph stating her claims in an understandable fashion. Therefore, Plaintiff has failed to file a proper pleading.

Moreover, as noted, it appears that this Court lacks subject matter jurisdiction over many of Plaintiff's constitutional claims under the *Rooker-Feldman* doctrine.

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[6] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity,

---

[6]In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. Also, a civil rights pleading must include factual allegations to support the constitutional claims raised in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 1953 (2009).

Under even the most liberal construction, Plaintiff's Complaint is in clear violation of Rule 8. It does not give Defendants fair notice of what Plaintiff's claims against them are and the grounds upon which his claims rest. Even taking into account the fact that Plaintiff is proceeding *pro se*, her Complaint is still not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of Defendants about which Plaintiff is complaining.

Accordingly, Plaintiff will be directed to file an Amended Complaint. Plaintiff is also reminded that her "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by the Defendants which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which Defendants. The amended complaint must be "simple, concise, and

direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1). If Plaintiff fails, within the applicable time period, to file her Amended Complaint adhering to the standards set forth above, it will be recommended that her action be dismissed.

An appropriate Order will be issued.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 30, 2014**