**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JUDITH A. BONAWITZ,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:14-0783** |
| : | |
| v. : | **(MANNION, D.J.)** |
| : | **(BLEWITT, M.J.)** |
| **DANICA FOSKO,** *et al.*, : | |
| **Defendants** : | |

**MEMORANDUM**

Pending before the court is a report and recommendation filed by Judge Blewitt on July 7, 2014 to which no objections have been raised. (Doc. 7). Judge Blewitt's report recommends the plaintiff's *pro se* amended complaint brought pursuant to 42 U.S.C. §1983 for violations of her constitutional rights, (Doc. 6), be dismissed with prejudice. Judge Blewitt determined the complaint should be dismissed entirely as the plaintiff's case is barred by the *Rooker-Feldman* doctrine because she seeks to have state court custody decisions reviewed and invalidated. He further found that all of the defendants should be dismissed because they are either entitled to immunity or they were not personally involved in this matter. Judge Blewitt's report and recommendations are **ADOPTED IN FULL**. For the reasons discussed more fully in his report, the case will be **DISMISSED WITH PREJUDICE**.

**I.    STANDARD OF REVIEW**

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may adopt, not adopt, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**II.    DISCUSSION**

The plaintiff's 62-page amended complaint alleges a bevy of constitutional violations she claims she suffered during her child custody proceedings before the Luzerne County Court of Common Pleas. Although her complaint contains a slew of factual information, she succinctly requests the court to: (1) restore her parental rights; (2) award sole physical custody of her children; (3) issue an injunction against the Luzerne County Children

and Youth Services (LCCYS) barring any retaliation against the plaintiff; (4) issue an order that law enforcement separate from the LCCYS investigate any future allegations of abuse against the plaintiff; (5) refer this matter to the United States Attorney so that office can conduct a criminal investigation into the allegations contained in her complaint; and (6) order that an arbitration hearing take place between the plaintiff, her children, a Pennsylvania Court of Common Pleas Judge, and an attorney for the LCCYS. (Doc. 6, p. 61). It is unclear from her complaint what the purpose of that hearing would be. Essentially, the plaintiff wants this court to award her custody of her children and prevent the LCCYS from engaging in any action that would challenge that award of custody.

As Judge Blewitt found in his report, the plaintiff's central request is for this court to reverse a valid state-court judgment. Any review of those state court decisions is barred by the *Rooker-Feldman* doctrine. That doctrine applies when a losing party in state court seeks "review and rejection of those judgments" in a later action filed in a federal district court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). When a plaintiff seeks that type of relief, the court lacks subject matter jurisdiction and the complaint must be dismissed. *Id.* at 292 (*citing District of Columbia Court of*

*Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). The court agrees with Judge Blewitt that it cannot grant the relief requested by the plaintiff because such relief would overturn and nullify state court decisions regarding the custody of her children. This action is fully barred by *Rooker-Feldman*.

Judge Blewitt also found that many of the defendants are entitled to various types of immunity. The Luzerne County judges, guardians ad litem, and hearing masters are all entitled to judicial immunity. *Hughes v. Long*, 242 F.3d 121, 127 (3d Cir. 2001); *Clark v. Conahan*, 737 F.Supp.2d 239, 255-256 (M.D.Pa. 2010). The LCCYS caseworkers are all entitled to absolute immunity as their actions amounted to "initiating, and prosecuting dependency proceedings." *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 495 (3d Cir. 1997). The two court-appointed doctors who testified in conjunction with the custody proceedings are also entitled to "quasi-judicial immunity that protects court-appointed doctors, psychologists, or custody evaluators when they 'function[ ] as an arm of the court'." *Mikhail v. Kahn*, 2014 WL 114340 (E.D. Pa. Jan. 13, 2014) *aff'd*, 14-1144, 2014 WL 3309172 (3d Cir. July 9, 2014)(quoting *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir.1992)).

The plaintiff's private attorneys are not proper defendants in a §1983 action because there is no allegation that they were state actors or conspired with state actors to deprive her of her constitutional rights. *See Clark v. Punshon,* 516 Fed. App'x 97, 99 (3d Cir. 2013)(court-appointed attorney is not a state actor for purposes of §1983 complaint). Lastly, the remaining defendants, Jennifer Dunston, Michele Sitkowski, and Joy DeRoederto, are all entitled to dismissal because the plaintiff has failed to aver any personal involvement related to her alleged constitutional violations. For those reasons, dismissal is appropriate for all of the defendants.

### III. CONCLUSION

For the reasons discussed above, Judge Blewitt's report and recommendation, (Doc. 7), is **ADOPTED IN FULL** and the plaintiff's complaint is **DISMISSED WITH PREJUDICE**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 20, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-783-01.wpd